IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MATTHEW LEE SMITH, | ) | |
|---|---|---|
| | ) | **Civil Action No. 08 - 953** |
| Petitioner, | ) | |
| | ) | **Magistrate Judge Lisa Pupo** |
| v. | ) | **Lenihan** |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA; | ) | |
| ROBERT SHANNON, Supt.; THE | ) | |
| ATTORNEY GENERAL OF THE STATE OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

It is respectfully recommended that Respondents' Motion to Dismiss the Petition as moot be granted and that a certificate of appealability be denied.

**II.     REPORT**

Matthew Lee Smith, a state prisoner formerly in custody at the State Correctional Institution at Frackville, Pennsylvania, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 claiming that he incorrectly was denied credit on his sentence for time served. For the reasons set forth below, Petitioner's claim now is moot.

Petitioner was released from custody on May 11, 2008, following the expiration of his maximum sentence (doc. no. 14-2). Consequently, his Petition has become "moot." In this regard, Article III, § 2 of the Constitution limits the jurisdiction of the federal courts to actual "cases or controversies." This is a "bedrock requirement" and requires the plaintiff to establish that he or she has proper "standing" to sue. Raines v. Byrd, 521 U.S. 811, 818 (1997) (internal citations omitted). The constitutional minimum of standing contains three elements.

> First, the plaintiff must have suffered an "injury in fact"--an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not "conjectural" or "hypothetical." Second, there must be a causal connection between the injury and the conduct complained of--the injury has to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992) (internal quotations and citations omitted). To meet the standing requirements of Article III, a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. Raines, 521 U.S. at 818 (quotation omitted).

Generally, when a prisoner is challenging the execution of his sentence pursuant to a petition for writ of habeas corpus, the petition becomes moot if the prisoner completes his term of imprisonment before the habeas proceedings have concluded. *See e.g.*, Spencer v. Kemna, 523 U.S. 1, 7-8 (1998); Lane v. Williams, 455 U.S. 624, 631-34 (1982). Because Petitioner has been released from imprisonment, this Court cannot provide him with effective relief on his habeas claim that he was denied credit for time served. In these circumstances, no live controversy remains. Thus, Petitioner's claim for relief is barred as moot.

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining

whether there has been a denial of a constitutional right. In <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner's claim is now moot. Accordingly, a certificate of appealability should be denied.

**III.      CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Respondents' Motion to Dismiss the Petition as moot be granted and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

October 24, 2008                                      Lisa Pupo Lenihan
                                                      United States Magistrate Judge

cc:    The Honorable Terrence F. McVerry
       United States District Judge

       MATTHEW LEE SMITH, GQ6792
       C.C.M.L.S.
       11328 U.S. Rt. 422
       P.O. Box 338
       Elderton, PA 15736